Matthew W. Wright (014104)
David K. Pauole (021965)
WRIGHT WELKER & PAUOLE PLC
10429 South 51st Street, Suite 285
Phoenix, AZ 85044
(480) 961-0040
mwright@wwpfirm.com
dpauole@wwpfirm.com
Attorneys for Defendants Chandler Unified School District,
Kenneth James, Shawn Rustad, Beth Rustad, Steven Belles,
Kirsten Belles, Manuel Palomarez, and Stephanie Palomarez

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Does A through J,<br><br>Plaintiffs,<br><br>v.<br><br>Chandler Unified School District, et al.,<br><br>Defendants. | No. CV-18-01485-PHX-SRB<br><br>**MOTION TO DISMISS**<br><br>(Oral Argument Requested)<br><br>(Assigned to the Honorable Susan R. Bolton) |

Chandler Unified School District (District), Kenneth James, Shawn Rustad, Beth Rustad, Steven Belles, Kirsten Belles, Manuel Palomarez, and Stephanie Palomarez move to dismiss all federal claims asserted against them with prejudice. The District and its employees had no constitutional duty to protect plaintiffs against private violence. And plaintiffs fail to allege or demonstrate that they were discriminated against on the basis of sex.

John Does A, C, E, G, and I were District students who attended Hamilton High School and played on the freshman football team. Complaint ¶¶ 11, 43. They allege that they were subjected to varying forms of abuse, including of a sexual nature, by older players—John Does K, M, O, Q, S, U, W, Y, AA, and CC—upon being promoted to the varsity football team. *Id.* ¶¶ 40-43, 48.

James was the principal of Hamilton High School. *Id.* ¶ 44. Rustad was the athletic director. *Id.* And Belles and Palomarez were the head and assistant football coaches, respectively. *Id.* The latter three are married, and their wives are named as defendants solely because of Arizona's community property law. *Id.* ¶¶ 17-19.

In Counts I, II, and IV, plaintiffs contend that the District and/or its employees violated their rights under the Fourteenth Amendment through a series of omissions and inaction. For example, plaintiffs allege that the District employees "failed to properly investigate the information that they had in their possession," "failed to take any corrective action," and "otherwise failed to take any steps to insure that the minor Plaintiffs would not be subject to attacks…in the future." *Id.* ¶ 65. And plaintiffs attribute the failures on the part of the District employees to the District's "failure to properly train, supervise, control, and discipline." *Id.* ¶ 75.

Count III alleges that the failures of the District and its employees "created a sexually hostile educational environment" in violation of Title IX. *Id.* ¶¶ 84-85.

This motion does not address Counts V, VI, VII, VIII, IX, or X. Count VI asserts a claim against only John Does K, M, O, Q, S, U, W, Y, AA, and CC. And Counts V, VII, VIII, IX, and X assert only state-law claims.

**1. The District and its employees had no constitutional duty to protect plaintiffs against private violence.**

In *DeShaney v. Winnebago County Department of Social Services*, the Supreme Court noted that the purpose of the Fourteenth Amendment "was to protect the people from the State, not to ensure that the State protected them from each other." 489 U.S. 189, 196 (1989). Consistent with this principle, the State generally does not have a constitutional duty to protect individuals against private violence. *Id.* at 196-97.

The Ninth Circuit has applied *DeShaney* in the school context. The plaintiff in *Patel v. Kent School District* was a disabled high-school student who alleged that a boy had repeatedly raped her in a school bathroom. 648 F.3d 965, 968, 971 (9th Cir. 2011). The plaintiff contended that her teacher had violated her rights under the Fourteenth Amendment by failing to supervise and prevent the rapes from happening. *Id.* at 971.

Relying on *DeShaney*, the Ninth Circuit concluded that plaintiff could not establish a due process violation based on allegations of omissions and inaction. *Id.* at 971-72. The Ninth Circuit also joined its sister circuits in rejecting the argument that liability could be premised on compulsory school attendance and *in loco parentis* status. *Id.* at 973. Accordingly, the Ninth Circuit affirmed the dismissal of the plaintiff's § 1983 civil rights claim. *Id.* at 976.

*DeShaney* and *Patel* likewise dictate the dismissal of Counts I, II, and IV. Plaintiffs generally allege that the District and its employees failed to act, and thereby allowed a dangerous situation between the players to develop and continue without intervention. But plaintiffs cannot establish a violation of the Fourteenth Amendment on allegations of

omissions and inaction because the District and its employees had no constitutional duty to protect the players from each other. So plaintiffs fail to state a viable § 1983 claim against the District and its employees.

Even if the Court were to conclude otherwise, the District employees are entitled to qualified immunity because they did not violate a constitutional right that was clearly established at the time. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Plaintiffs also fail to offer anything more than "[t]hreadbare recitals of the elements of [the] cause of action" and "mere conclusory statements" to support their claim that the District failed to train its employees. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs never identify any deficiency in the District's training program that they claim led to the deprivation of their purported rights. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978). They neglect to cite any "pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). And plaintiffs have no factual basis to suggest that a District policymaker chose to retain the training program despite notice that an alleged deficiency was causing employees to violate students' constitutional rights. *Id.* at 61.

**2. Plaintiffs fail to allege or demonstrate that they were discriminated against on the basis of sex.**

Title IX provides that "[n]o person in the United States shall, *on the basis of sex*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a) (emphasis added). In *Franklin v. Gwinnett County Public Schools*, the Supreme

4

Court determined that a student may have a viable claim for money damages under Title IX when the student is subjected to sexual harassment and abuse *because of the student's sex*. 503 U.S. 60, 75 (1992).

Here, plaintiffs allege that they were subjected to abuse of a sexual nature. But what they fail to allege or demonstrate is that they were subjected to this abuse because of, or on the basis of, their sex. To the contrary, plaintiffs' allegations lead instead to the conclusion that they were subjected to abuse because they were being promoted to the varsity football team for the first time. And while such abuse should not be condoned, the narrow issue for the Court is whether the allegations support a plausible claim for relief under Title IX. But there are no facts to support an inference that plaintiffs were mistreated on the basis of their sex. So their Title IX claim under Count III fails too.

**Conclusion**

Plaintiffs have failed to state a proper federal claim for relief against the District or its employees. The District and its employees had no constitutional duty to protect plaintiffs against private violence. And plaintiffs fail to allege or demonstrate that they were discriminated against on the basis of sex. Accordingly, the Court should dismiss Counts I, II, III, and IV with prejudice.

. . .

. . .

. . .

DATED this 28th day of June, 2018.

                              WRIGHT WELKER & PAUOLE PLC


                              By  /s/ David K. Pauole
                                 Matthew W. Wright
                                 David K. Pauole
                                 10429 South 51st Street, Suite 285
                                 Phoenix, AZ 85044
                                 Attorneys for Defendants Chandler Unified
                                  School District, Kenneth James, Shawn
                                  Rustad, Beth Rustad, Steven Belles, Kirsten
                                  Belles, Manuel Palomarez, and Stephanie
                                  Palomarez


**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

COPIES mailed to:

The Honorable Susan R. Bolton
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 522
401 West Washington Street, SPC 50
Phoenix, AZ 85003

  /s/ Cindy M. Opsahl
6927-1322-24, 32, 33