1  **DANIEL R. RAYNAK, P.C.**
2  Daniel R. Raynak, No. 10098
   2601 North 16th Street
3  Phoenix, Arizona 85006
4  Phone:   (602) 992-7776
   Fax:      (602) 992-7646
5  Email:   danraynak@yahoo.com
6  *Attorney for Plaintiffs*

7           **IN THE UNITED STATES DISTRICT COURT**
8                   **DISTRICT OF ARIZONA**

9  JOHN DOES A through J,
                                        CV18-1485-PHX-SRB
10
11          Plaintiffs,

12             v.                       **FIRST AMENDED COMPLAINT**

13
   CHANDLER UNIFIED SCHOOL              **JURY TRIAL DEMANDED**
14 DISTRICT;  KENNETH JAMES, A
   SINGLE MAN  INDIVIDUALLY
15 AND IN HIS REPRESENTATIVE
   CAPACITIES AS FORMER
16 PRINCIPAL FOR HAMILTON
   HIGH SCHOOL AND AS AN
17 EMPLOYEE OF CHANDLER
   UNIFIED SCHOOL DISTRICT;
18 SHAWN R. RUSTAD AND
   BETH J. RUSTAD, HUSBAND AND
19 WIFE, INDIVIDUALLY AND IN
   HIS REPRESENTATIVE
20 CAPACITIES AND AS FORMER
   ATHLETIC DIRECTOR OF
21 HAMILTON HIGH SCHOOL AND
   AS AN EMPLOYEE OF
22 CHANDLER UNIFIED SCHOOL
   DISTRICT; STEVEN P. BELLES
23 AND KIRSTEN BELLES,
   HUSBAND AND WIFE,
24 INDIVIDUALLY AND IN HIS
   REPRESENTATIVE CAPACITIES
25 AND AS FORMER HEAD
   HEAD FOOTBALL COACH
26 AND TEACHER AT HAMILTON
   HIGH
27 SCHOOL AND AS AN EMPLOYEE
   OF CHANDLER UNIFIED SCHOOL

1

DISTRICT; MANUEL A. PALOMAREZ AND STEPHANIE PALOMAREZ, HUSBAND AND WIFE, INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITIES AS A FORMER FOOTBALL COACH AND CURRENT TEACHER AT HAMILTON HIGH SCHOOL AND AN EMPLOYEE OF CHANDLER UNIFIED SCHOOL DISTRICT; JOHN DOES K THROUGH DD

Electronically Filed.

Defendants.

## COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, DOEs A through J, by and through their attorney, DANIEL R. RAYNAK and DANIEL R. RAYNAK, P.C., and hereby files this Complaint in a Civil Action as follows:

## JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (Title IX).

3.      Jurisdiction is founded on 28 U.S.C.A §1331. Supplemental jurisdiction over Plaintiffs' state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

2

4.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the District of Arizona and the Plaintiffs reside in the District of Arizona.

## PARTIES

5.      Plaintiff, John Doe A, is a minor individual who resides in Maricopa County, Arizona.  At all times relevant to these claims, Plaintiff was a minor child under the age of eighteen (18).

Plaintiff, John Doe B, is the parent(s) or legal guardian(s) of Plaintiff, John Doe A.  At all times relevant to these claims, Plaintiff John Doe B has been a resident of Maricopa County, Arizona.[1]

6.      Plaintiff, John Doe C, is a minor individual who resides in Maricopa County, Arizona.  At all times relevant to these claims, Plaintiff was a minor child under the age of eighteen (18).

Plaintiff, John Doe D, is the parent(s) or legal guardian(s) of Plaintiff, John Doe C.  At all times relevant to these claims, Plaintiff John Doe D has been a resident of Maricopa County, Arizona.

---

[1] Pursuant to Arizona Rule of Civil Procedure 17, the identities of the minor Plaintiffs and their parents and/or legal guardians are identified only as "John Doe" for the purpose of maintaining the anonymity of the minor parties to this Complaint.  These designations are made number and gender neutral, and also apply to the minor Defendants and their parents and/or legal guardians.  Plaintiffs maintain a list of the actual identities of each party designated as a John Doe party.  Plaintiffs will make that information available to the Court and to opposing counsel at such time as contemplated by Arizona Rules of Civil Procedure, pursuant to an Order of this Court, or at such time and in such manner as the parties mutually agree is appropriate.

3

7.      Plaintiff, John Doe E, is a minor individual who resides in Maricopa County, Arizona.  At all times relevant to these claims, Plaintiff was a minor child under the age of eighteen (18).

Plaintiff, John Doe F, is the parent(s) or legal guardian(s) of Plaintiff, John Doe E.  At all times relevant to these claims, Plaintiff John Doe F has been a resident of Maricopa County, Arizona.

8.      Plaintiff, John Doe G, is a minor individual who resides in Maricopa County, Arizona.  At all times relevant to these claims, Plaintiff was a minor child under the age of eighteen (18).

9.      Plaintiff, John Doe H, is the parent(s) or legal guardian(s) of Plaintiff, John Doe G.  At all times relevant to these claims, Plaintiff John Doe H has been a resident of Maricopa County, Arizona.

10.     Plaintiff, John Doe I, is a minor individual who resides in Maricopa County, Arizona.  At all times relevant to these claims, Plaintiff was a minor child under the age of eighteen (18).

Plaintiff, John Doe J, is the parent(s) or legal guardian(s) of Plaintiff, John Doe I.  At all times relevant to these claims, Plaintiff John Doe I has been a resident of Maricopa County, Arizona.

11.     The five minor Plaintiffs, Plaintiffs John Doe A, C, E, G and I, will hereinafter be collectively referred to as "the minor Plaintiffs."

4

12.     Defendant, CHANDLER UNIFIED School District ("School District"), is a taxing district within the State of Arizona, which administers and funds public schools.  Defendant School District is located in Maricopa County, Arizona.  At all times relevant hereto, the Defendant School District was acting by and through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment.

13.     Defendant School District is, and at all times relevant hereto was, an employer in an industry effecting commerce within the meaning of § 701(b) of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e)(b), and receives federal funding pursuant to 20 U.S.C.S. § 1681 (a) and is thus covered by the provisions of Title VII and Title IX of the Civil Rights Act of 1964.

14.     Hamilton High School ("High School") is a subdivision of the School District, and is a public entity formed pursuant to the laws of the State of Arizona and provides public education to its student.

15.     Defendant, Kenneth James ("James"), at all times relevant hereto was and is a resident of Maricopa County, Arizona, and was, during the events related to this action, the principal of the High School, and an employee of the School District.  Defendant James is sued as an individual and in his representative capacities.

5

16.   Defendant, Shawn R. Rustad ("S. Rustad"), at all times relevant hereto was and is a resident of Maricopa County, Arizona, and was during the events related to this action, the athletic director at the High School, and an employee of the School District.  Defendant Rustad is sued as an individual and in his representative capacities.  At all times relevant hereto, Defendant Rustad was a married man acting on behalf of his marital community, comprised of himself and Defendant Beth J. Rustad.

17.   Defendant, Steven Belles ("S. Belles"), at all times relevant hereto was and is a resident of Maricopa County, Arizona, and was during the events related to this action, is a teacher and the head football coach at the High School and an employee of the School District.  Defendant S. Belles is sued as an individual and in his representative capacities.  At all times relevant hereto, Defendant Belles was a married man acting on behalf of his marital community, comprised of himself and Defendant Kirsten Belles.

18.   Defendant, Manuel Palomarez ("M. Palomarez") at all times relevant hereto was and is a resident of Maricopa County, Arizona, and was during the events related to this action, a teacher and a football coach at the High School, and an employee of the School District.  Defendant Palomarez is sued as an individual and in his representative capacities.  At all times relevant hereto,

6

Defendant Palomarez was a married man acting on behalf of his marital community, comprised of himself and Defendant Stephanie Palomarez.

19.     Hereinafter, Defendants School District, James, S. Belles, K. Belles, S. Rustad, B. Rastad, M. Palomarez and S. Palomarez will be referred to collectively as the "School District Defendants."

20.     Defendant, John Doe L ("Doe L"), is the natural guardian of John Doe K ("Doe K"), a minor.  At all times relevant to this Complaint, Doe K was a member of the High School football team.

21.     Defendant, John Doe N ("Doe N") is the parent(s) and/or legal guardian(s) of John Doe M ("Doe M"), a minor.  At all times relevant to this Complaint, Doe M was a member of the High School football team.

22.     Defendant, John Doe P ("Doe P") is the parent(s) and/or legal guardian(s) of John Doe O ("Doe O"), a minor.  At all times relevant to this Complaint, Doe O was a member of the High School football team.

23.     Defendant, John Doe R ("Doe R") is the parent(s) and/or legal guardian(s) of John Doe Q ("Doe Q"), a minor.  At all times relevant to this Complaint, Doe Q was a member of the High School football team.

24.     Defendant, John Doe T ("Doe T") is the parent(s) and/or legal guardian(s) of John Doe S ("Doe S"), a minor.  At all times relevant to this Complaint, Doe S was a member of the High School football team.

25.     Defendant, John Doe V ("Doe V") is the parent(s) and/or legal guardian(s) of John Doe U ("Doe U"), a minor.  At all times relevant to this Complaint, Doe U was a student at the High School, and a member of the High School football team.

26.     Defendant, John Doe X ("Doe X") is the parent(s) and/or legal guardian(s) of John Doe W ("Doe W"), a minor.  At all times relevant to this Complaint, Doe W was a student at the High School, and a member of the High School football team.

27.     Defendant, John Doe Z ("Doe Z") is the parent(s) and/or legal guardian(s) of John Doe Y ("Doe Y"), a minor.  At all times relevant to this Complaint, Doe Y was a student at the High School, and a member of the High School football team.

28.     Defendant, John Doe BB ("Doe BB") is the parent(s) and/or legal guardian(s) of John Doe AA ("Doe AA"), a minor.  At all times relevant to this Complaint, Doe AA was a student at the High School, and a member of the High School football team.

29.     Defendant, John Doe DD ("Doe DD") is the parent(s) and/or legal guardian(s) of John Doe CC ("Doe CC"), a minor.  At all times relevant to this Complaint, Doe CC was a student at the High School, and a member of the High School football team.

8

30.     Defendants John Does I-XI, Jane Does I-XI, ABC Corporations I-X and XYZ Partnerships I-X are, upon information and belief, individuals or business entities that are residents of Maricopa County, Arizona.  Said Defendants include owners, partners, members, officers, directors, shareholders, employees, agents, assurities, assigns, representatives and/or successors-in-interest, of Defendant School District and/or High School, and their spouses and/or persons or entities otherwise liable to Plaintiffs for their damages.  They also include other football players who were involved in the assaultive behavior described herein below who have not yet been identified but may become known through the discovery process.  The true names and identities of said Defendants will be submitted at such time as they become known.

31.     At all times relevant hereto, the above-named Defendants were working for the School District, and were acting of color of law and within the scope of their employment with the High School.

32.     At all times relevant to this action, the School District had in effect, and was responsible for, the policies and procedures that govern the conduct of the School District Defendants as it relates to their actions and inactions related to the minor Plaintiffs as described more fully hereinafter below.  The Defendant School District was further responsible for the hiring, training, supervising, monitoring and disciplining of the Defendant employees of School District.

9

33.     At all times relevant to this action, the Defendant employees of School District had a duty to report the below described abuses to the proper authorities in a timely manner pursuant to C.R.S. §13-3620, C.R.S. § 15-514 and A.R.S. § 13-3623.  At all times relevant to this action, the School District and the Defendant employees of the School District failed to take the actions required of them under the aforementioned statutory provisions.

34.     The minor Defendants in this case were members of the Hamilton High School football team.  Hamilton High School is a school within the jurisdiction of School District.  All of the minor Defendants were under the supervision of the Defendant employees of School District at the time that the various acts were committed against the minor Plaintiffs, including but not limited to those teachers, coaches and students at the High School.

35.     The School District had administrative and supervisory authority over the activities of the individual employee Defendants at all times relevant hereto.

36.     At all times relevant hereto, the School District had the authority to promulgate rules and regulations regarding the hiring, supervision and professional conduct of teachers, coaches and administrators toward students.

37.     At all times relevant hereto, the School District had a duty to aid in the enforcement of laws regulating schools in Arizona.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

38.     The Defendant employees of the School District have and had a special relationship with minor Plaintiffs and owed them a duty of care to keep them safe from physical and emotional harm while they are and were in the care of the School District and the High School.

## FACTUAL ALLEGATIONS

39.     During the period 2015 through 2017, including but not limited to the 2015-2016 school year and the 2016-2017 school year, as well as at various other times during that same period when school was not in session, all of the minor Plaintiffs herein were victims of sexual, physical and emotional abuse by the minor Defendants in this matter.

40.     Each of the minor Plaintiffs suffered the aforementioned abuse at various times, both during school hours, and outside of school hours, on the premises of the high school.

41.     The following is a partial description of the abuse suffered by each of the minor Plaintiffs in the following particulars:

A.     In or about September 2015, Plaintiff A[1] was attacked by an unknown number of the Defendants, including but not limited to Defendants K, M, N, S, U and AA.  During this attack one or more of the above-named Defendants attempted to penetrate Plaintiff A's buttocks with a highlighter. Plaintiff A believes and therefore avers that Defendant K had engaged in similar conduct in the past, victimizing an unknown student or students.

In addition to the above, Plaintiff A:

---

[1] Hereinafter all Doe Plaintiffs and Defendants will be identified by letter only.

1.    was tackled at least two times;

2.    had his pants and underwear pulled down;

3.    was restrained by an unknown number of the above Defendants;

4.    had a broom handle inserted between his buttocks in an attempt to penetrate his anus. This action was perpetrated by an unknown number of the above-named Defendants;

5.    was spat upon in his facial area by Defendant N;

6.    was restrained while Defendant N placed his testicles on Plaintiff A's face;

7.    was restrained while one of the aforementioned Defendants imitated a sex act while laying on top of him.

All of the above actions were perpetrated on Plaintiff in the locker room on the premises of Hamilton High School.

B.    In or about October 2016, Plaintiff E was restrained by Defendant M, as well as others of the Defendants, the identities of whom may become known during the discovery process. While being restrained by Defendant N, and others, Plaintiff E was assaulted by Defendant K, who lay on top of Plaintiff E and imitated a sex act while wearing only underwear.

C.    In or about January 2017, Plaintiff C was attacked by Defendants K, M, S, U, W and Y. During this attack, Plaintiff C was pulled to the ground. Multiple of the above-named Defendants slapped Plaintiff C's buttocks and twisted his nipples. Plaintiff C's pants and underwear were pulled down and an unknown number of the above-named Defendants inserted their hands between Plaintiff C's buttocks in an attempt to penetrate his anus. A portion of this attack was video recorded and posted to various social media sites.

D.    In or about January 2017, Plaintiff G was attacked in the locker room of Hamilton High School by Defendants K, M, Q, S and U. During this attack, Plaintiff was restrained while one or more of the above-named Defendants attempted to put their hands between Plaintiff's buttocks in an attempt to penetrate his anus. The above-named Defendants were assisted in this attack by two other of the Defendants whose are identities are now unknown but may become known during the discovery process. A portion of this attack was video recorded and posted to various social media sites. During this attacks, Defendant M. Palomarez walked into the

12

room and witnessed a portion of the attack, walked out and took no action of any kind.  Plaintiff G informed Defendant S. Rustad about the attack.  No action was taken by Defendant S. Rustad or any other Defendant on Plaintiff G's behalf.

E.   In or about early 2017, Plaintiff I was attacked by Defendants L, N, R, V and DD.  During this attack, an unknown number of these Defendants pulled Plaintiff I's pants down and slapped his bare buttocks.  Some number of these Defendants, which may become known during the discovery process, made eight to ten attempts to manually penetrate Plaintiff I's anus.  During the attack Plaintiff I was slammed into a wall multiple times by one or more of the above-named Defendants.

42.   All of the minor Plaintiffs were attacked as described above while they were freshman football players for the High School after each minor Plaintiff was promoted to the varsity football team.

43.   At the time of each of the acts described above, the following Defendants held the following positions of responsibility with the High School.

A.   Steven Belles – head football coach and teacher;

B.   Manuel Palomarez – assistant football coach and teacher;

C.   Shawn R. Rustad – athletic director and teacher; and

D.   Kenneth James – principal.

44.   Plaintiffs believe, and therefore aver, that the individual Defendants identified in the preceding paragraph were, at all times relevant hereto, in regular, in most cases, daily, communication with each other regarding matters related to the football program.

45.   Plaintiffs further believe, and therefore aver, that the individual Defendant described above knew of, and shared some or all of the information about the

physical and sexual assaults described hereinafter below, and furthermore, that said Defendants, and each of them, conspired to make no report of such conduct to the proper authorities, or to take any action to prevent further attacks, or to punish the perpetrators or to otherwise protect the minor Plaintiffs.

46.     All of the aforementioned attacks occurred on the grounds of the High School during times set aside for football practice.

47.     All of the minor Defendants were upper classmen who were members of the Hamilton High School football team at the time of the attacks.

48.     At all times relevant hereto, Defendants James, S. Belles, M. Palomarez and S. Rustad were charged with the duty to protect the minor Plaintiffs from the types of attacks described hereinbefore above, and to take action to investigate these attacks and to properly punish those responsible.

49.     At all times relevant hereto, the Defendant School District, Defendants James, S. Rustad, S. Belles and M. Palomarez were responsible to aid in the enforcement of laws regulating schools, and to ensure that all of the rules and regulations pertaining to the High School and the minor Plaintiffs of that high school were followed.

50.     The School District is responsible for the overall administration and supervision of the professional conduct of administrators and school employees toward the school staff, parents, students and the community at large, including

14

but not limited to those administrators, coaches and teachers of the High School, including Defendants James, S. Belles, M. Palomarez, and S. Rustad.  At all times relevant hereto, Defendant School District had the authority to promulgate rules and regulations the hiring and supervision of the professional conduct of school staff, including but not limited to Defendants James, S. Rustad S. Belles and M. Palomarez.

51.     Upon information and belief, Defendants James, S. Belles, M. Palomarez and S. Rustad and, therefore, the High School and the School District, were aware of the complaints of other students and parents regarding the aforementioned attacks.

52.     Despite numerous complaints from various sources identifying the existence and the nature of these attacks, these Defendants failed to take any action to either protect the minor Plaintiffs from additional attacks and/or to investigate the perpetrators of the acts described above.  As a consequence, the sexual assaults described hereinbefore above continued unrestrained at the High School through the time periods described above, with additional individuals beyond those named in this Complaint being victimized.

53.     Defendant M. Palomarez admitted to law enforcement that he was aware of allegations of sexual attacks of the type described above by members of his football team as early as May 2016.

15

54.     In or about September 2016, Defendant S. Belles told his players not to "do sexual things to each other."  The above-described attacks occurred at a time when Defendants S. Belles, M. Palomarez and S. Rustad were responsible for the supervision of the football team and its conduct during practice.  As a direct consequence, the Plaintiffs were victims of sexual hazing as described above because of the failure on the part of these Defendants to properly perform their duties of supervision and protection.

55.     The individual Defendants had a duty under state law to report the allegations of sexual assault described and to request an investigation from state authorities regarding these allegations.  Instead, the individual Defendants dismissed the claims of parents and students regarding these attacks and failed to timely report the attacks to the proper authorities.

56.     In or about January 2017, Defendant S. Rustad received an anonymous voice mail message that made allegations of sexual attacks against football players.  Defendant S. Rustad took no action in response to this message, including a failure to report this claim to the proper authorities.

57.     At all times relevant hereto, all of the individual Defendants were acting within the course and scope of their employment with the School District and the High School, and their acts, omissions and knowledge are imputed to the School District as a result.

58.    As a direct and proximate result of the actions and inaction of the

individual Defendants as described hereinbefore above, and each of them,

including acts of negligence and acts of deliberate and intentional indifference,

Plaintiffs have suffered physical harm, as well as severe emotional distress and

will continue to suffer such injuries for an indefinite period in the future.

59.    As a further direct and proximate result of the negligent and intentional

conduct of the Defendants as described above, the Plaintiffs have incurred

medical, therapeutic and other expenses, and will continue to do so for an

indefinite period into the future.

## COUNT I:

## ALL PLAINTIFFS v. ALL DEFENDANTS

## VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

## DUE PROCESS

60.    Plaintiffs incorporate by reference Paragraphs 1 through 59 as though

fully set forth at length herein.

61.    The Defendants, and each of them, owed a duty to the minor Plaintiffs to

protect them from harm, including harm from other students during school

hours, including but not limited to during after school extracurricular activities,

and on school property.

62.     The Defendants, and each of them, failed in that duty.  Plaintiffs believe, and therefore aver, that school officials, including the Defendant coaches, teachers and administrators, had actual notice, through first hand observation, or because they were made aware by students, other school personnel and/or parents, that the Plaintiff students were being physically and sexually assaulted as described above, and were in danger of experiencing these assaults in the future.

63.     Plaintiffs further believe, and therefore avers, that the Defendants, and each of them, knew of the strong likelihood that attacks of the type described hereinbefore above would occur in the future against the Plaintiffs.

64.     Notwithstanding the foregoing, the Defendants, and each of them:

    A.     failed to properly investigate the information that they had in their possession regarding the aforementioned attacks;

    B.     failed to take any corrective action against the student Defendants; and

    C.     otherwise failed to take any steps to insure that the minor Plaintiffs would not be subject to attacks of the type described above in the future.

65.     In failing to act as described above, the Defendants, and each of them, exposed the minor Plaintiffs to the type of attacks described above, and therefore to the propensity for harm from the student Defendants, and thereby willfully disregarded the safety of the minor Plaintiffs.  This failure to act exposed the

minor Plaintiffs to individuals who were known to have engaged in these assaults in the past.

66.     The failure of the Defendants, and each of them, to investigate the incidents described above, or to take any corrective action whatsoever, constitutes a willful disregard and a deliberate indifference to the safety and welfare of the minor Plaintiffs.

67.     The failure of the Defendants as aforementioned created the opportunity for injury and harm to the minor Plaintiffs that would not have existed but for the failures of the Defendants, and each of them, as aforementioned.

68.     The failure of the Defendants, and each of them, to take the actions described above in Paragraph 64 created a foreseeable danger to the minor Plaintiffs, and the failure to act by the Defendants, and each of them, constitutes a willful disregard and a deliberate indifference to the rights of all of the Plaintiffs.  In so doing, the Defendants, and each of them, failed in their affirmative duty to protect the minor Plaintiffs from dangerous situations.

69.     As a direct and proximate result of the conduct of the Defendants as described hereinbefore above, Plaintiffs, and each of them, have suffered the following injuries and damages, which may be permanent in nature:

      A.     violation of their constitutional rights under 42. U.S.C. §1983 and the Fourteenth Amendment;

      B.     severe emotional, distress, shock, horror, fright and psychological trauma;

C.   physical manifestations of the emotional distress that
they have suffered, including but not limited to,
nausea, sleep problems, headache;

D.   economic damages related to any and all medical,
legal and/or other consequential costs; and

E.   such other damages as may become apparent through
the discovery process.

70.   The actions of the Defendants, and each of them, were willful, deliberate

and were done with a reckless disregard for the rights of the Plaintiffs with the

attendant purpose to injure or damage the wellbeing of the Plaintiffs, thereby

subjecting the Defendants, and each of them, to punitive damages.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general

damages against the Defendants, and each of them, jointly and severally, in an amount

to be proven at trial; compensatory special damages including, but not limited to,

medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; punitive damages against the

Defendants; and such other relief, including injunctive and/or declaratory relief, as this

Court may deem proper.

JURY TRIAL DEMANDED

**COUNT II:**

**ALL PLAINTIFFS v. DEFENDANT SCHOOL DISTRICT**

**VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE
FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

**<u>MUNICIPAL LIABILITY</u>**

71.     Plaintiff incorporates by reference Paragraphs 1 through 70 as though fully set forth at length herein.

72.     Plaintiffs claim damages for injuries set forth herein under § 1983 against Defendant School District for violation of Plaintiffs' constitutional rights under color of law.

73.     As aforementioned, the conduct of the individual Defendants in this matter has caused the Plaintiffs injuries and damages as set forth more fully hereinbefore above.

74.     The individual Defendants failure to take the actions described above demonstrates a failure to properly train, supervise, control and discipline the individual Defendants by the School District by the proper methods and procedures by which to protect the minor Plaintiffs from the dangerous conditions that resulted in the injuries and damages.

75.     Plaintiffs aver that this failure to train, supervise, control or discipline the individual Defendants has led to the Plaintiffs suffering injuries and damages as described above.

76.     Plaintiffs aver that this failure to train, supervise, control and/or discipline the individual Defendants has led to numerous violation of constitutional rights against the minor Plaintiffs.

77.     Defendant School District has failed to correct these deficiencies in training, supervision, control and/or discipline.

78.     The pattern of constitutional violations caused by the failure of Defendant School District to train, supervise, control and/or discipline the individual Defendants evidences a deliberate indifference to the rights of the Plaintiffs and other students of the Defendant School District.

79.     The failure of the Defendant School District to properly train, supervise, control and discipline the individual Defendants created a substantial risk of the constitutional violations identified herein.

80.     By reason of the aforesaid conduct, the Plaintiffs' civil rights, as guaranteed by U.S.C. §1983 and the Fourteenth Amendment to the Constitution of the United States, were violated by the Defendant School District.

81.     As alleged herein, the established customs, practices, patterns and official policies of the Defendant School District constituted a substantial risk of constitutional deprivation, and, as a direct and proximate result of which, the Plaintiffs have sustained the following injuries and damages, which may be permanent in nature:

    A.    their rights under the Fourteenth Amendment to the Constitution of the United States to the due process and equal protection of the law were violated;

    B.    severe emotional, distress, shock, horror, fright and psychological trauma;

C.   physical manifestations of the emotional distress that they have suffered, including but not limited to, nausea, sleep problems, headache;

D.   economic damages related to any and all medical, legal and/or other consequential costs;

E.   such other damages as may become apparent through the discovery process.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general damages against the Defendant School District in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

**COUNT III:**

**ALL PLAINTIFFS v.  DEFENDANT SCHOOL DISTRICT**
**VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS**
**UNDER TITLE IX**

82.    Plaintiff incorporates by reference Paragraphs 1 through 81 as though fully set forth at length herein.

83.    Plaintiffs believe, and therefore aver, that Defendant School District and the High School receive and accept federal funding sufficient to invoke the jurisdiction of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq.

84.     The failures of the individual Defendants, described hereinbefore above, created a sexually hostile educational environment at the High School and in those areas of Defendant School District, in which the minor Plaintiffs were physical and sexually assaulted by the Minor Defendants hereinbefore above.

85.     As a direct and proximate result of the aforementioned failures on the part of the individual Defendants, the Plaintiffs have suffered injuries and damages as more fully described hereinbefore above.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general damages against the Defendants, and each of them, jointly and severally, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

**COUNT IV:**

**ALL PLAINTIFFS v. INDIVIDUAL DEFENDANTS, K. JAMES, S. RUSTAD, S. BELLES, AND M. PALOMAREZ**

**VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

**CONSPIRACY**

86.     Plaintiff incorporates by reference Paragraphs 1 through 85 as though fully set forth at length herein.

24

87.    The above-named individual Defendants acted with a common purpose and conspired to endanger the welfare of children, including the minor Plaintiffs, in violation of the Fourteenth Amendment of the Constitution, as well as Arizona law.

88.    Plaintiffs, and each of them, have standing to bring this claim because they were the minor Plaintiffs who were physically and sexually abused as a result of this conspiracy to endanger the welfare of children and/or the parents and guardians of those minor Plaintiffs.

89.    The individual Defendants, as well as other individuals associated with the Defendant School District and the High School, each had or should have had information about the physical and sexual assaults of the minor Plaintiffs as described above but maintained silence about these facts and otherwise took no corrective or investigative action with respect to the conduct of the minor Defendants as described hereinbefore above.

90.    Each individual Defendant had or should have had information that the facilities of the Defendant School District and the High School, as well as some programs within the High School, including but not limited to, the football program, were not safe environments for children and that no adequate measures were in place to protect children in those facilities and programs.  Despite this

fact, each of the individual Defendants maintained silence about the physical and sexual assaults of the minor Plaintiffs as described hereinbefore above.

91.    The collective silence of the individual Defendants constituted acts in pursuance or furtherance of the common purpose of this conspiracy, which was to endanger the welfare of children.

92.    The conduct of the individual Defendants directly injured the minor Plaintiffs, and each of them, by creating an unsafe environment in which to participate in school activities.  Moreover, the individual Defendants took no adequate measures prior to and after the incidents of physical and sexual abuse described above to prevent such incidents.

93.    Furthermore, the individual Defendants hid the facts regarding the assaults of the minor Plaintiffs from various individuals, including the parents and guardians of the minor Plaintiff's.

94.    When reports about the physical and sexual assaults of the minor Plaintiffs were made to the individual Defendants, or when the individual Defendants learned through third parties of these physical and sexual assaults, those reports were ignored by the individual Defendants who took no action to investigate the incidents or to prevent the incidents from occurring or to punish those responsible for those incidents.

95.     The aforementioned actions Defendants described above were committed with malice and with the intent that the welfare of the student Plaintiffs, as well as other children within the Defendant School District and the High School, would be endangered.

96.     As a direct and proximate result of the actions of the individual Defendants described above, the minor Plaintiffs, and each of them, have suffered injuries and damages as set forth more fully hereinbefore above.

97.     The actions of the individual Defendants, and each of them, were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiffs with the attendant purpose to injure or damage the wellbeing of the Plaintiffs, thereby subjecting the Defendants, and each of them, to punitive damages.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general damages against the Defendants, and each of them, jointly and severally, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

**COUNT V:**

**ALL PLAINTIFFS v. ALL DEFENDANTS**

## **COMMON LAW FAILURE TO PROTECT**

98.     Plaintiff incorporates by reference Paragraphs 1 through 97 as though fully set forth at length herein.

99.     The Defendants, and each of them, failed to protect the minor children who were in their charge.

100.   Based on the failure of the Defendants, and each of them, to protect the minor Plaintiffs, those Plaintiffs were attacked and suffered both physical and emotional injuries as more fully set forth hereinbefore above.

101.   The Defendant School District and the is responsible for the actions and inactions of the individual Defendants herein under the Doctrine of Respondeat Superior.

102.   The actions of the Defendants, and each of them, were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiffs with the attendant purpose to injure or damage the wellbeing of the Plaintiffs, thereby subjecting the Defendants, and each of them, to punitive damages.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general damages against the Defendants, and each of them, jointly and severally, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; punitive damages against the Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

**COUNT VI:**

**ALL MINOR PLAINTIFFS v. ALL MINOR DEFENDANTS**

**<u>COMMON LAW ASSAULT</u>**

103.   Plaintiff incorporates by reference Paragraphs 1 through 102 as though fully set forth at length herein.

104.   The minor Defendants identified hereinbefore above intentionally, willfully and maliciously attacked, at separate times, the minor Plaintiffs as described hereinbefore above.

105.   As a direct and proximate result of the aforementioned willful, malicious and intentional actions, the minor Plaintiffs were damages described more fully above by the actions of the minor Defendants.

106.   The actions of the minor Defendants, and each of them, were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiffs with the attendant purpose to injure or damage the wellbeing of the Plaintiffs, thereby subjecting the minor Defendants, and each of them, to punitive damages.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general damages against the minor Defendants, and each of them, jointly and severally, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the minor Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

**COUNT VII:**

**ALL MINOR PLAINTIFFS v. ALL DEFENDANTS**

**COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

107.   Plaintiff incorporates by reference Paragraphs 1 through 106 as though fully set forth at length herein.

108.   The illegal and/or improper conduct by the Defendants, and each of them, against the minor Plaintiffs as described hereinbefore above, were all undertaken or instituted by the individual Defendants, and each of them.

109.   The actions of the individual Defendants were intentional, extreme, outrageous, without privilege and without justification.

110.   The individual Defendants intended to inflict emotional distress upon the Plaintiffs or the individual Defendants knew or should have known, through the

30

use of ordinary caution, that their conduct would result in the emotional distress of the minor Plaintiffs.

111.   The emotional distress of the minor Plaintiffs, which resulted from the conduct of the Defendants, as aforementioned, was foreseeable and certain.

112.   As a direct and proximate result of the actions of the individual Defendants, Plaintiffs suffered injuries and damages as more fully described hereinbefore above.

113.   The actions of the individual Defendants, and each of them, were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiffs with the attendant purpose to injure or damage the wellbeing of the Plaintiffs, thereby subjecting the minor Defendants, and each of them, to punitive damages.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general damages against the minor Defendants, and each of them, jointly and severally, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

**COUNT VIII:**

**ALL MINOR PLAINTIFFS v. ALL DEFENDANTS**

**COMMON LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

114.   Plaintiff incorporates by reference Paragraphs 1 through 113 as though fully set forth at length herein.

115.   The illegal and/or improper conduct by the Defendants, and each of them, against the minor Plaintiffs as described hereinbefore above, were all undertaken or instituted by the individual Defendants, and each of them.

116.   The actions of the individual Defendants were negligent, extreme, outrageous, without privilege and without justification.

117.   The emotional distress of the minor Plaintiffs, which resulted from the conduct of the Defendants, as aforementioned, was foreseeable and certain.

118.   As a direct and proximate result of the actions of the individual Defendants, Plaintiffs suffered injuries and damages as more fully described hereinbefore above.

119.   The actions of the individual Defendants, and each of them, were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiffs with the attendant purpose to injure or damage the wellbeing of the Plaintiffs, thereby subjecting the Defendants, and each of them, to punitive damages.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general damages against the Defendants, and each of them, jointly and severally, in an amount

to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

**COUNT IX:**

**ALL PLAINTIFFS v. ALL DEFENDANTS**

**COMMON LAW LOSS OF CONSORTIUM**

120.   Plaintiff incorporates by reference Paragraphs 1 through 119 as though fully set forth at length herein.

121.   The minor Plaintiffs, together with their parents and/or guardians and/or grandparents, have suffered a loss of consortium by and between each other as a direct and proximate result of the actions of the Defendants, and each of them.

122.   As a direct and proximate result of the aforementioned willful, malicious and intentional actions, the Plaintiffs have suffered injuries and damages described more fully hereinbefore above.

123.   In addition to those injuries and damages described hereinbefore above, as a direct and proximate result of the actions of the Defendants, and each of them, described hereinbefore above, the minor Plaintiffs have become withdrawn,

sullen and have not engaged in the same types of activities in which they regularly engaged with their parents, grandparents and/or legal guardians before being attacked by the minor Defendants as described above.

124.   The actions of the Defendants, and each of them, were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiffs with the attendant purpose to injure or damage the wellbeing of the Plaintiffs, thereby subjecting the minor Defendants, and each of them, to punitive damages.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general damages against the minor Defendants, and each of them, jointly and severally, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

**COUNT X:**

**MINOR PLAINTIFFS v. INDIVIDUAL DEFENDANTS, K. JAMES, S. RUSTAD, S. BELLES, AND M. PALOMAREZ**

**ARIZONA REVISED STATUTE 13-3620**

**<u>FAILURE TO REPORT; NEGLIGENCE PER SE</u>**

125.   Plaintiff incorporates by reference Paragraphs 1 through 124 as though fully set forth at length herein.

126.   Arizona Revised Statute 13-3620 requires that the individual Defendants named in this count make a report to the proper authorities of the physical and sexual assaults described hereinbefore above.

127.   The reporting requirement described above is mandatory.

128.   In addition to the reporting requirements described above, the aforementioned statute requires that the individuals named in this count provide a written report to the appropriate report to the authorities within seventy-two (72) hours of learning of the suspected abuse.  Defendants School District and its employees and/or representatives, including but not limited to the individual Defendants named herein, were required to cause such oral and written reports to be made once they had reason to know or reasonably believe that the aforementioned assaults occurred.

129.   The individual Defendants, and each of them, failed to comply with this reporting requirement, leading to more attacks, including those by the minor Defendants.

130.   The failure of the individual Defendants names in this count to make the proper mandatory report of the suspected abuse constitutes a breach of A.R. § 13-3620 and constitutes negligence per se.

131.   Despite having reasonable basis to believe that the minor Plaintiffs were being assaulted, the individual Defendants, and each of them, individually and as the agents and employees of the Defendant School District, failed to report these actions to either child protective services, to a peace officer or to other appropriate authority.

132.   As a direct and proximate result of the failure on the part of these Defendants to report the assaults described hereinbefore above, the Plaintiffs have suffered injuries and damages as more fully set forth hereinbefore above.

133.   The actions of the Defendants, and each of them, were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiffs with the attendant purpose to injure or damage the wellbeing of the Plaintiffs, thereby subjecting the minor Defendants, and each of them, to punitive damages.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general damages against the Defendants, and each of them, jointly and severally, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

Respectfully Submitted this 9th day of July, 2018.

**Daniel R. Raynak, P.C.**

*/s/ Daniel R. Raynak*
Daniel R. Raynak
Attorney for Plaintiffs

Original of the foregoing electronically
filed with the Clerk of Court this 9th
day of July, 2018.

Copies of the foregoing automatically
Sent via CM/ECF to the following
participants:

Dennis I. Wilenchik
John D. Wilenchik
Attorneys for Defendants John Does Y and Z

David K. Pauole
Attorneys for Defendants Chandler Unified
School District, Kenneth James, Shawn Rustad,
Beth Rustad, Steven Belles, Kirsten Belles,
Manuel Palomarez, and Stephanie Palomarez

Copies sent via email to:

Dennis I. Wilenchik
John D. Wilenchik
diw@wb-law.com
jackw@wb-law.com
Attorneys for Defendants John Does Y and Z

37

David K. Pauole
dpauole@wwpfirm.com
Attorneys for Defendants Chandler Unified
School District, Kenneth James, Shawn Rustad,
Beth Rustad, Steven Belles, Kirsten Belles,
Manuel Palomarez, and Stephanie Palomarez

Copies served by U.S. Mail:

John Does K and L

John Does M and N
c/o Kate Miller
1839 E. Queen Creek Road #1
Chandler, AZ  85286

John Does O and P

John Does Q and R

John Does S and T

John Does U and V
c/o Jody Broaddus
Freedom Law Firm
3185 S. Price Road
Chandler, AZ  85248
Attorney for Defendants John Does U and V

John Does W and X

John Does AA and BB

John Does CC and DD


/s/ Pat Gonzales
Pat Gonzales

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27