**DANIEL R. RAYNAK, P.C.**
Daniel R. Raynak, No. 10098
2601 North 16th Street
Phoenix, Arizona 85006
Phone:   (602) 992-7776
Fax:       (602) 992-7646
Email:    danraynak@yahoo.com
*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| John Does A through J, | CV18-1485-PHX-SRB |
| Plaintiffs, | |
| v. | PLAINTIFFS' RESPONSE TO MOTION TO DISMISS COUNTS- CLAIMS I, II, III, IV |
| Chandler Unified School District;  Kenneth James, a single man individually and in his representative capacities as former Principal for Hamilton High School and as an employee of Chandler Unified School District; Shawn R. Rustad and Beth J. Rustad, husband and wife, individually and in his representative capacities and as former Athletic Director of Hamilton High School and as an employee of Chandler Unified School District; Steven P. Belles and Kirsten Belles, husband and wife, individually and in his representative capacities and as former head football coach and teacher at Hamilton High School and as an employee of Chandler Unified School District; Manuel A. Palomarez and Stephanie Palomarez, husband and wife, individually and in his representative capacities as a former football coach and current teacher at Hamilton High School and an | ORAL ARGUMENT REQUESTED

Electronically Filed. |

employee of Chandler Unified School District; John Does K through DD,

Defendants.

The Plaintiffs, through undersigned counsel, hereby file this Response to Defendants Chandler Unified School District (District), Kenneth James, Shawn Rustad, Beth Rustad, Steven Belles, Kirsten Belles, Manuel Palomarez and Stephanie Palomarez. The Motion raises 2 claims:

1.  The District and its employees had no constitutional duty to protect Plaintiffs against private violence.

2. Plaintiffs have failed to allege or demonstrate that they were discriminated against on the basis of sex.

**Claim One – Constitutional Duty to Protect Plaintiffs against private violence**

It is well settled law in our Circuit that, "although the state's failure to protect an individual against private violence does not generally violate the guarantee of due process, it can where the state action 'affirmatively place[s] the plaintiff in a position of danger,' that is, where state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Kennedy v. Ridgefield City*, 439 F.3d 1055, 1061 (9th Cir. 2006) (internal citations omitted); *see also Patel v. Kent Sch. Dist.*, 648

F.3d 965, 974 (9th Cir. 2011). In *Patel,* a case relied upon by the Defendants, the

Circuit carved out an exception to the general rule against liability where the State acts

with "deliberate indifference' to a 'known or obvious danger." Id at 974 citing *LW v.*

*Grubbs*, 92 F.3d 894, 900 (9th Cir., 1996). Whether or not these state actor Defendants

acted with deliberate indifference to a known danger is a factual question for a jury and

the Complaint sets forth factual allegations that make it clear that the Defendant

coaches and administrators knew about the dangers and acted with deliberate

indifference to them. As pled in the Complaint in this action, there was a long-

standing ritual of sexual abuse known to the coaches and school administrators at this

high school. The failure of these Defendants to take any action to protect the children

in involved, gives evidence of a culture of deliberate indifference that led to the

constitutional violations at issue. Because these children were under the care and

supervision of these Defendants, their deliberate indifference, evidenced by their

inaction in the face of actual knowledge, creates in them and the school district liability

for the damages suffered by these student athletes. Among the clearest pieces of

evidence pled in the complaint that these Defendants were very aware of the dangers

faced by these student Plaintiff's, is the head coach's half-hearted admonition to his

players that they not imitate "Sandusky."[1]   In other words, these Defendants knew

---

[1] Based upon a review of various materials related to this case, including police reports that have
already become available, Plaintiff expects discovery in this matter to reveal numerous references to
the knowledge that the Defendant coaches and administrators had about the sexual assaults that were
being committed against the student Plaintiffs.  For example, several police reports contain references

something had already happened, and was going to happen again, but ignored the risks and allowed the minor Plaintiffs to be exposed to this unchecked, unsupervised environment wherein these Plaintiffs were sexually assaulted.  When the Head Coach is holding meetings wherein he is telling the football players to stop pulling down each other's pants and inserting fingers into rectum, there is really not much of an argument to be made that they were unaware of what was transpiring.

In various holdings since *Grubbs, supra,* this Circuit has allowed deliberate-indifference theories to proceed to trial.  *See, e.g., Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082 (9th Cir., 2000);   *Kennedy v. City of Ridgefield*, 439 F.3d 1055 (9th Cir. 2006);   *Penilla v. City of Huntington Park*, 115 F.3d 707(9th Cir. 1997).   In *Patel*, *supra,* a special education teacher did not know about any prior assaults on the plaintiff when allowed to go to the bathroom.  Furthermore, although the plaintiff in that case was special needs, so was the purported assailant, and there was a real question as to whether or not the sexual acts were consensual.  The factual scenario in this case falls clearly under the exception.  The *Patel* decision emphasized that each case requires a fact sensitive analysis.  Here, the Complaint contains ample facts to

---

to admissions made by several Defendants to the effect that players were inserting their fingers or hands in the anuses of the younger players.  In one report, the head coach is quoted as admonishing the players not to act like a bunch of "Sanduskys."  The Plaintiffs respectfully urge the Court to take Judicial notice of the scandal which recently made headlines involving Penn State University assistant football coach Jerry Sandusky, and thus this Defendant's obvious reference to, and knowledge of sexual assaults of the type that were prominent in that matter.

support the allegation that these Defendants were deliberately indifferent to the safety of these children, and the known dangers that they faced.

This exception has been clearly established since at least 1989, when our Circuit decided *Wood v. Ostrander*. 879 F.2d 583 (9th Cir. 1989). Moreover, the District Defendant "may be liable under Section 1983 for constitutional injuries inflicted by their employees if their failure [to] adequately guard against such injuries through training and supervision rises to the level of 'deliberate indifference' to the constitutional rights of citizens who come in contact with those employees." *Doe by & Through Knackert v. Estes*, 926 F. Supp. 979, 987 (D. Nev. 1996) citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

The Defendants next contend that, based solely on omissions and inaction of these Defendants, the District and its employees had no constitutional duty to protect the players from one another. However, in the cases relied on by the *Patel* Court, various Courts from this Circuit have allowed deliberate indifference claims to go to the jury under similar factual circumstances. *See generally., Woods, supra, and Grubbs, supra.* The Defendants in this case were advised of a danger to the underclass football players yet ignored the immediate risk. Plaintiff believes that discovery will demonstrate that one of the Defendant coaches walked in during a sexual assault and then walked out, without taking any action to protect the minor. Thereafter, this same Defendant Coach saw the minor Plaintiff crying, and yet made no inquiry as to why he

was in a distraught state.  In *Kennedy, supra*., a jury heard facts that included the claim that the police ignored the danger posed by a neighborhood boy, which ultimately led to the death of two individuals. 439 F.3d at 1061-1067  In this case, while no one died, all of the minor Plaintiffs were sexually assaulted, while the Defendants ignored the danger posed by the offending upper-class football players.

The Defendants then assert that the individual Defendants should be granted qualified immunity, citing to *Harlow v. Fitzgerald*, 457 U.S. 800, 73 L. Ed 2d 396, 102 S. Ct. 2727 (1982), a case involving former White House aides to President Nixon. The facts in that case have no connection to any argument being made by the Defendants.  Furthermore, there can be no assertion that these Defendants could not have known that their conduct, i.e. their deliberate indifference to the danger to the children, did not violate the Defendants' duty to protect the minor Plaintiffs, such that qualified immunity would never apply to their inaction.

Defendants further claim that the Plaintiffs provided threadbare recitals of the elements of the cause of action and mere conclusory statements regarding the training of their employees.  In this case, a long established high school, within a well-established district, with defendants ranging from the then principal to the head football coach, allowed a long-standing practice of the upper classmen sexually abusing the underclassmen.  The pattern cited in the Complaint spanned  a two-plus year period of time, and involved multiple, different high school classes.  Even when the athletic

director was made acutely aware by a phone message left by a concerned parent, no new policy was implemented. The coaches conceded in their interviews with the police that there failed to supervise the locker room, and moreover, addressed the team regarding these sexual acts, yet took no measures to actually ensure those acts would not continue, which they did. [1] These facts provide a sufficient basis to allow this issue to go to a jury, and the Complaint sets forth in detail the acts, the time frames, and the actions/inactions for the Defendants listed.

Moreover, there was a criminal investigation that ensued long before this lawsuit was filed. The Defendants listed were all potentially subject to criminal charges, and therefore it was not fully possible to investigate all of the facts surrounding their training. This information will be more fully exposed during the discovery process in this matter. However, the criminal investigation that was conducted did supply sufficient facts to establish a failure to properly train/supervise the Defendants by the District, which led to multiple sexual assaults. The number of sexual assaults is not limited to these Plaintiffs, as the criminal investigation yielded additional victims who are not part of this lawsuit. [2]

---

[1] Based upon the same sources cited in the preceding footnote, Plaintiff expects discovery to reveal the facts asserted here.

[2] *See* previous footnote and accompanying text.

7

**Claim Two – Plaintiffs alleged failure to demonstrate that they were discriminated on the basis of sex**

The Defendants' claim here is wholly without merit.   The Supreme Court has held that student-on-student sexual harassment will support a Title IX civil damages claim against a school district when:

1.  The school exercises "substantial control over both the harasser and the context in which the known harassment occurs;"

2.  the sexual harassment is "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school;"

3.  the school had "actual knowledge" of the harassment; and

4.  the school acted with "deliberate indifference" to the harassment.

*Doe v. Round Valley Unified Sch. Dist.*, 873 F. Supp. 2d 1124, 1136 (D. Ariz. 2012) quoting *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 643-650 (1999). Plaintiffs' have clearly alleged these elements in their Complaint.  The Plaintiffs do not contest that Title IX also allows claims for discrimination based on sex, as noted by the sole case cited by the Defense, *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60(1992).  However, nothing in that case limits the types of claims that can be made under Title IX to discrimination based solely on sex.  The Defendants do not cite to any case that holds such a limitation under Title IX, and the cases cited above clearly set

forth that other claims can be made other than discrimination based on sex. In this instance, the claim was never discrimination based on sex, but rather sexual harassment/sexual assault.

In conclusion, the Defendants' Motion is without merit and should be denied in all respects.

Respectfully Submitted this 12th day of July, 2018.

**Daniel R. Raynak, P.C.**

*/s/ Daniel R. Raynak*
Daniel R. Raynak
Attorney for Plaintiffs

Original of the foregoing electronically
filed with the Clerk of Court this 12th
day of July, 2018.

Copies of the foregoing automatically
Sent via CM/ECF to the following
participant:

David K. Pauole
Attorneys for Defendants Chandler Unified
School District, Kenneth James, Shawn Rustad,
Beth Rustad, Steven Belles, Kirsten Belles,
Manuel Palomarez, and Stephanie Palomarez

Copy sent via email to:

David K. Pauole
dpauole@wwpfirm.com
Attorneys for Defendants Chandler Unified
School District, Kenneth James, Shawn Rustad,
Beth Rustad, Steven Belles, Kirsten Belles,
Manuel Palomarez, and Stephanie Palomarez

/s/ Pat Gonzales
Pat Gonzales