THE CAVANAGH LAW FIRM
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

Steven J. Gross, Esq. (SBN 023921)
sgross@cavanaghlaw.com
Tel: (602) 322-4053
Fax: (602) 322-4103

Attorneys for Defendants
John Does U and V

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Does A through J,<br><br>        Plaintiffs,<br><br>vs.<br><br>Chandler Unified School District; Hamilton High School; Kenneth James, A Single Man Individually and in his Representative Capacities as Former Principal for Hamilton High School and as an Employee of Chandler Unified School District; Shawn R. Rustad and Beth J. Rustad, husband and wife, Individually and in his Representative Capacities and as Former Athletic Director of Hamilton High School and as an Employee of Chandler Unified School District; Steven P. Belles and Kirsten Belles, husband and wife, Individually and in his Representative Capacities and as Former Head Football Coach and Teacher at Hamilton High School and as an Employee of Chandler Unified School District; Manuel A. Palomarez and Stephanie Palomarez, husband and wife, Individually and in his Representative Capacities as a Former Football Coach and Current Teacher at Hamilton High School and an Employee of | No. 18-CV-1485-PHX-SRB<br><br>**DEFENDANTS JOHN DOE U AND JOHN DOE V'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Chandler Unified School District; John Does K through DD,

        Defendants.

For their Answer against Plaintiffs' First Amended Complaint [Doc. 44], Defendants John Doe U and John Doe V (hereinafter, collectively, "Defendants") allege and deny as follows below.

## JURISDICTION AND VENUE

1. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

2. Defendants deny the allegations contained therein.

3. Defendants admit the allegations contained therein.

4. Defendants admit the allegations contained therein.

## PARTIES

5. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

6. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

7. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

8. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

9. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

10. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

11. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

12. Defendants admit the allegations contained therein.

13. Defendants admit the allegations contained therein.

14. Defendants admit the allegations contained therein.

15. Defendants, upon information and belief, believe Defendant James is a resident of Maricopa County, Arizona, but lack sufficient information to presently admit or deny the remaining allegations contained therein.

16. Defendants, upon information and belief, believe Defendant Rustad is a resident of Maricopa County, Arizona, but lack sufficient information to presently admit or deny the remaining allegations contained therein.

17. Defendants upon information and belief, believe Defendant Belles was a resident of Maricopa County, Arizona, and was a teacher and football coach, but lack sufficient information to presently admit or deny the remaining allegations contained therein. Answering Defendants believe that Defendant Belles is currently not a resident of Maricopa, Arizona.

18. Defendants, upon information and belief, believe Defendant Palomarez is a resident of Maricopa County, Arizona, and was a teacher and football coach, but lack sufficient information to presently admit or deny the remaining allegations contained therein.

19. Defendants admit the allegations contained therein.

20. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

21. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

22. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

23. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

24. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

25. Defendants admit the allegations contained therein.

26. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

27. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

28. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

29. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

30. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

31. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

32. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

33. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

34. Defendants lack sufficient information to presently admit or deny the allegations contained therein except to admit that Defendant John Doe U was a student at Hamilton High School under the general supervision of his coaches, but that neither Defendant John Doe U nor Defendant John Doe V were aware of any alleged acts committed against Plaintiffs.

35. Defendants admit the allegations contained therein.

36. Defendants admit the allegations contained therein.

37. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

38. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

## **FACTUAL ALLEGATIONS**

39. Defendants deny the allegations contained therein as they pertain to them.

40. Defendants are not aware that any such alleged acts occurred. Defendants deny Defendant John Doe U participated in any such alleged acts.

41. Defendants are not aware that any such alleged acts occurred. Defendants deny Defendant John Doe U participated in any such alleged acts.

42. Defendants are not aware that any such alleged acts occurred. Defendants deny Defendant John Doe U participated in any such alleged acts.

43. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

44. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

45. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

46. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

47. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

48. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

49. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

50. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

51. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

52. Defendants are not aware that any such alleged acts occurred. Defendants deny Defendant John Doe V participated in any such alleged acts and deny the remainder of the allegations therein.

53. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

54. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

55. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

56. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

57. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

58. Defendants deny the allegations contained therein and demand strict proof thereof.

59. Defendants deny the allegations contained therein.

# COUNT I
## ALL PLAINTIFFS v. ALL DEFENDANTS
## VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFCALLY, 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
## DUE PROCESS

60. Defendants incorporate by reference all previous admissions, denials and affirmative allegations set forth above.

61. Defendants deny the allegations contained therein as they may pertain to them.

62. Defendants deny the allegations contained therein as they may pertain to them.

63. Defendants deny the allegations contained therein as they may pertain to them.

64. Defendants deny the allegations contained therein as they may pertain to them.

65. Defendants deny the allegations contained therein as they may pertain to them.

66. Defendants deny the allegations contained therein as they may pertain to them.

67. Defendants deny the allegations contained therein as they may pertain to them.

68. Defendants deny the allegations contained therein as they may pertain to them.

69. Defendants deny the allegations contained therein as they may pertain to them.

70. Defendants deny the allegations contained therein as they may pertain to them.

# COUNT II
## ALL PLAINTIFFS v. DEFENDANT SCHOOL DISTRICT
## VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS, SPECIFCALLY, 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
## MUNICIPAL LIABILITY

71. Defendants incorporate by reference all previous admissions, denials, and affirmative allegations set forth above.

72. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

73. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

74. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

75. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

76. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

77. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

78. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

79. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

80. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

81. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

**COUNT III**
**ALL PLAINTIFFS v. DEFENDANT SCHOOL DISTRICT**
**VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS UNDER TITLE IX**

82. Defendants incorporate by reference all previous admissions, denials, and affirmative allegations set forth above.

83. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

84. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

85. Defendants lack sufficient information to presently admit or deny the allegations contained therein. Defendants deny all allegations of misconduct or assault against them individually.

**COUNT IV**
**ALL PLAINTIFFS v. INDIVIDUAL DEFENDANTS K. JAMES, S. RUSTAD, S. BELLES, AND M. PALOMAREZ**
**VIOLATION OF PLANITIFFS' CONSTITUTIONAL RIGHTS, SPECIFCIALLY, 42 U.S.C. § 1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

**CONSPIRACY**

86. Defendants incorporate by reference all previous admissions, denials, and affirmative allegations set forth above.

87. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

88. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

89. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

90. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

91. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

92. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

93. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

94. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

95. Defendants lack sufficient information to presently admit or deny the allegations contained therein, but deny any allegations of misconduct or assault against them individually.

96. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

97. Defendants lack sufficient information to presently admit or deny the allegations contained therein.

## COUNT V

## ALL PLAINTIFFS v. ALL DEFENDANTS

## COMMON LAW FAILURE TO PROTECT

98. Defendants incorporate by reference all previous admissions, denials, and affirmative allegations set forth above.

99. Defendants deny the allegations contained therein.

100. Defendants deny the allegations contained therein.

101. The allegations contained in Paragraph 101 constitute the pleader's conclusions of law and Answering Defendant deny same and demand strict proof thereof.

102. Defendants deny the allegations contained therein.

## COUNT VI

## ALL MINOR PLAINTIFFS V. ALL MINOR DEFENDANTS

## COMMON LAW ASSAULT

103. Defendants incorporate by reference all previous admissions, denials, and affirmative allegations set forth above.

104. Defendants deny the allegations therein as they pertain to them individually.

105. Defendants deny the allegations therein as they pertain to them individually. Defendants affirmatively assertion that a civil claim for assault fails to state a claim for relief.

106. Defendants deny the allegations therein as they pertain to them individually.

## COUNT VII

## ALL MINOR PLAINTIFFS V. ALL DEFENDANTS

## COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

107. Defendants incorporate by reference all previous admissions, denials, and affirmative allegations set forth above.

108. Defendants deny the allegations therein as they pertain to them individually.

109. Defendants deny the allegations therein as they pertain to them individually.

110. Defendants deny the allegations therein as they pertain to them individually.

111. Defendants deny the allegations therein as they pertain to them individually.

112. Defendants deny the allegations therein as they pertain to them individually.

113. Defendants deny the allegations therein as they pertain to them individually.

## COUNT VIII

## ALL MINOR PLAINTIFFS v. ALL DEFENDANTS

## COMMON LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

114. Defendants incorporate by reference all previous admissions, denials, and affirmative allegations set forth above.

115. Defendants deny the allegations therein as they pertain to them individually.

116. Defendants deny the allegations therein as they pertain to them individually.

117. Defendants deny the allegations therein as they pertain to them individually.

118. Defendants deny the allegations therein as they pertain to them individually.

119. Defendants deny the allegations therein as they pertain to them individually.

## COUNT IX

## ALL PLAINTIFFS v. ALL DEFENDANTS

## COMMON LAW LOSS OF CONSORTIUM

120. Defendants incorporate by reference all previous admissions, denials, and affirmative allegations set forth above.

121. Defendants deny the allegations therein as they pertain to them individually.

122. Defendants deny the allegations therein as they pertain to them individually.

123. Defendants deny the allegations therein as they pertain to them individually.

124. Defendants deny the allegations therein as they pertain to them individually.

## COUNT X
## MINOR PLAINTIFFS v. INDIVIDUAL DEFENDANTS K. JAMES, S. RUSTAD, K. BELLES, AND M. PALOMAREZ

## ARIZONA REVISED STATUTE § 13-3620

## FAILURE TO REPORT; NEGLIGENCE PER SE

125. Defendants incorporate by reference all previous admissions, denials, and affirmative allegations set forth above.

126. Defendants lack sufficient information to admit or deny the allegations contained therein.

127. Defendants lack sufficient information to admit or deny the allegations contained therein.

128. Defendants lack sufficient information to admit or deny the allegations contained therein.

129. Defendants lack sufficient information to admit or deny the allegations contained therein.

130. Defendants lack sufficient information to admit or deny the allegations contained therein.

131. Defendants lack sufficient information to admit or deny the allegations contained therein.

132. Defendants lack sufficient information to admit or deny the allegations contained therein.

133. Defendants lack sufficient information to admit or deny the allegations contained therein.

### **AFFIRMATIVE DEFENSES**

1. Answering Defendants deny each and every allegation of Plaintiffs' First Amended Complaint not expressly admitted herein.

2. Answering Defendants assert that Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted for various counts.

3. Answering Defendants assert that they are entitled to an offset of amounts already paid in restitution to Plaintiffs.

4. Answering Defendants assert that they are not government actors.

5. Answering Defendants assert that Plaintiffs' recovery against Defendants V, if any, is limited to $10,000 pursuant to A.R.S. § 12-661(B).

6. Upon information and belief, and so as to avoid waiver, Answering Defendants further assert the affirmative defenses of comparative and contributory negligence of Plaintiffs, expiration of statute of limitation, assumption of the risk, lack of proximate cause, negligence of others, and non-parties at fault.

7. Because Answering Defendants have not yet had an opportunity to conduct any discovery in this matter, and so as not to waive any other applicable affirmative defenses set forth in Rules 8(c) and 12(b), *Arizona Rules of Civil Procedure*, which may be shown to apply by future discovery in this matter, all defenses set forth in these rules are incorporated herein by this reference.

8. Answering Defendants reserve the right to amend their Answer to specifically plead any additional matters constituting an avoidance or affirmative defense which discovery in this matter may show to be applicable.

WHEREFORE, Answering Defendants, having fully answered Plaintiffs' First Amended Complaint, hereby pray for judgment in their favor and against Plaintiffs as follows:

A. That the First Amended Complaint be dismissed and Plaintiffs take nothing thereby;

B. That Defendants have judgment against Plaintiffs, together with an award of costs incurred herein pursuant to A.R.S. § 12-341; and,

C. That the Court award such other and further relief as it deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 25th day of July, 2018.

**THE CAVANAGH LAW FIRM, P.A.**

By: /s/ Steven J. Gross
Steven J. Gross
1850 North Central Avenue, Suite 2400
Phoenix, Arizona 85004
Attorneys for Defendants John Does U and V

**CERTIFICATE OF SERVICE**

I hereby certify that on 25th day of July, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Daniel R. Raynak, Esq.
Daniel R. Raynak PC
2601 N. 16th Street
Phoenix, AZ 85006
danraynak@yahoo.com
Attorneys for Plaintiffs

Jody L. Broaddus, Esq.
Attorneys for Freedom Law Firm
3185 S. Price Road
Chandler, AZ 85248-3562
jody@attorneysforfreedom.com
Attorneys for Defendants
John Does U and V

David Pauole, Esq.
Wright Welker & Pauole
10429 S. 51st Street, Suite 285
Phoenix, AZ 85044
dpauole@wwpfirm.com
Attorneys for Chandler Unified School District, Kenneth James, Shawn Rustad, Beth Rusdad, Steven Belles, Kirsten Belles, Manuel Palomarez and Stephanie Palomarez

Katelyn Miller, Esq.
Ardio Law
1839 E. Queen Creek Road, #1
Chandler, AZ 85286
kate.miller@ardeolaw.com
Attorneys for John Does M and N

Dennis I. Wilenchik, Esq.
John D. Wilenchik, Esq.
Wilenchik & Barness
2810 North Third Street
Phoenix, Arizona 85004
diw@wb-law.com
jackw@wb-law.com
Attorneys for Defendants
John Does Y and Z

　　/s/  Adriana Garcia

15